## Case No. 14,879.

### UNITED STATES v. COVILLAND.

[Hoff. Dec. 52.]

District Court, N. D. California. Feb. 15, 1862.

MEXICAN LAND GRANT—SURVEY—LOCATION WITHIN EXTERIOR BOUNDARIES—RIGHT OF ELECTION.

[When, in locating a given quantity of land granted to a claimant within exterior boundaries containing a much larger quantity, the survey is made on instructions by the government, without any consultation with the claimant, or allowance to him of an opportunity to make an election as to the land to be surveyed, the survey should be set aside.]

HOFFMAN, District Judge. By the decree of the board of commissioners, there was confirmed to the claimants a tract of land of the extent of seven leagues, of which the boundaries were given. A survey having been made of the quantity confirmed, within the exterior boundaries, (which were found to embrace a much larger extent of land), it was, on objections made to the secretary of the interior, set aside, and a new survey made pursuant to his instructions. This last survey has been returned into court, under the provisions of the act of 1860 [12 Stat. 33]. It is an admitted rule, not only of this court, but of the executive department of the government, that, in locating a given quantity of land granted to a claimant within exterior boundaries containing a much larger quantity, the claimant has the right of election as to the land to be surveyed. The election so to be exercised must be reasonable, nor must it be unnecessarily injurious to the adjacent public lands of the United States. If, by the acts of the grantee, such as occupying and cultivating a portion of the land, or selling parts of it to third persons, the election appears to have already been made, he will be estopped to make a new election, or to float the grant to other parts of the tract than those which he has, by his acts and declarations, selected. In this case it appears that the claimant has had no opportunity to make any election whatever. The survey has been made on instructions by the government, as to which he was

not consulted. Admitting (which is not intended to be affirmed) that the first survey was improper, for the reason that the land was not surveyed in a sufficiently compact form, it does not appear that the claimant may not elect to have it surveyed in another form, so as to obviate that or any other objection. It cannot, I think, be pretended that the location elected by the executive officers of the government is the only one that can be made consistently with the calls of the grant, and the just exercise of his rights by the claimant. I therefore think that the present survey should be set aside, and a new survey and location made of seven leagues of land, to be taken within the exterior boundaries of the grant, at the election of the claimant, such election to be controlled and governed by the principles and rules applicable to the subjects.

It will be understood that, in setting aside this survey, no opinion is intended to be expressed as to the ultimate location of the land. When the tract shall have been surveyed, at the election of the claimant, the question will properly arise whether he has in any respect gone beyond his exterior boundaries, and whether his election has been properly and legally exercised.